UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRESH KIST PRODUCE, L.L.C.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**CHOI CORPORATION, INC. d/b/a**<br>**WASHINGTON WHOLESALE**<br>**PRODUCE COMPANY** *et al.*,<br><br>    **Defendants.** | **Civil Action No. 01-1834 (JMF)** |

**MEMORANDUM ORDER**

In Judge Urbina's Order of July 31, 2002, he directed JCW to place, within 60 days of the date of the Order, $59,189.40 in the court's registry.  Seven months later, on March 10, 2003, Judge Urbina issued a ruling on the issue of pre-judgment interest, stating the following: "[P]laintiff is entitled to pre-judgment interest from the date of the PACA violation through the date of the entry of the court's judgment . . . JCW must pay interest on all funds received from WWP on or after June 5, 2001.  Interest is due from the date JCW received the post June 4, 2001 payments from WWP up to July 31, 2002, the date of the court's Memorandum Opinion ordering disgorgement, and shall be paid at the statutory rate. 28 U.S.C.A. § 1961." Fresh Kist Produce, LLC v. Choi Corp. Inc., 251 F. Supp. 2d 138, 143 ( D.D.C. 2003).  On March 31, 2003, Judge Urbina granted JCW's emergency motion to stay the judgment pending JCW"s motion to certify judgment as final.  Finally, on May 20, 2003, Judge Urbina denied JCW's motion to certify judgment as final and, on March 15, 2004, referred the issue of disbursement to me.

On March 24, 2005, after inquiring of the Court's Finance Office the exact amount contained within the Court Registry, I ordered JCW to deposit an additional $1,764.95, upon the

mistaken belief that the $57,424.45 that had been deposited on October 1, 2001 was related to the $59,189.40 amount referenced by Judge Urbina in his orders. Following the parties most recent joint statement, dated April 22, 2005, I now understand that the original $57,189.40 was actually funds frozen in the WWP accounts under the TRO issued earlier in this case and deposited in the Court's Registry for disbursement to the PACA trustees. Thus, as of today's date, the Court's Registry contains a total principal amount of $128,371.35.

Interest calculations will be divided into three distinct time periods. The first time period is that between the seven dates JCW received post June 4, 2001 payments from WWP up to and July 31, 2002 order. Interest for that period of time will be calculated at the rate of 1.88%.[1]

The second time period is between July 31, 2002 and September 30, 2002, during which Judge Urbina granted JCW 60 days to deposit the payments in an interest bearing account. I shall read Judge Urbina's order strictly, as I have previously, to require that interest only accumulate during the period from the receipt of payments until July 31, 2002 as Judge Urbina so carefully indicated. Fresh Kist Produce, LLC v. Choi Corp., Inc., 251 F. Supp. 2d 138, 143-44 (D.D.C. 2003). He can, of course, correct that if I have misinterpreted him but I believe it presumptuous for me to grant an award of interest for a period of time, July 31, 2002 to September 30, 2002, when he defined so precisely the period of time for which he was awarding pre-judgment interest and that did not include the 60 days he gave JCW to deposit the money in

---

[1] Although Fresh Kist uses the date of March 10, 2003 to determine the appropriate interest rate, interest should be calculated using the rate as of July 31, 2002 and thus the rate of 1.88% will be used. While the order amending the judgment allows for pre-judgment interest, the order itself speaks with precision of the period for which pre-judgment interest will be awarded. The interest rate for the period defined in the order is the most precise definition of that order's meaning.

the registry.[2]

The third period of time is between September 30, 2002 and March 29, 2005, the date JCW deposited the $59,189.40 it owed to the Court's Registry. We now know that at some point, JCW's counsel deposited the $59,189.40 "into JCW's counsel's trust account pending appeal of the disgorgement order, where [the funds] have remained until [they] were deposited with the court." Joint Statement to Clarify Payments Received and Interest Due from Defendant, J.C. Watson, Inc., at 5, ¶ 3. We therefore know that from some unstated date until the date of deposit, March 29, 2005, the funds were in an interest bearing account. I am hard pressed to understand how JCW could claim any entitlement to the interest that was earned. It was the central thrust of Judge Urbina's decision[3] that JCW be impressed with a trust for the benefit of all WWP's creditors upon JCW's receipt of payments from WWP in payment of JCW's own bills. It would be a perversion of Judge Urbina's opinion to conclude that, while the principal, the payments JCW received, is impressed with a trust for the benefit of all the PACA creditors, the interest that principal earned in an interest bearing accounting is not. I appreciate that JCW has made and will continue to make principled arguments against such a trust but Judge Urbina has rejected those arguments and held that such a trust exists. If a trust existed as to the payments JCW received in favor of the all the PACA creditors, that trust must, as matter of law and logic, extend with the same force to the interest earned on the corpus as it did to the corpus itself.

---

[2] Given the interest rates in the period of question, I appreciate the difference in result is *de miminis* but I am anxious to resolve all questions presented and move the case towards final distribution.

[3] <u>Fresh Kist Produce, LLC v. Choi Corp., Inc.</u>, 223 F. Supp. 2d 1 (D.D.C. July 31, 2002).

I will therefore require JCW will submit documentation as to the amount of interest it actually earned on the money during that period. If that amount is the same or greater than the interest the money would have earned had it been in the Court's Registry since September 30, 2002, the greater amount will be added to the corpus for distribution to the PACA creditors and there will be no need to do anything more. If, on the other hand, the amount of interest actually earned is less than the interest the money would have earned had it been in the Court's Registry since September 30, 2002, it may be necessary for the parties to brief the question raised implicitly by JCW's submission: does the stay of the judgment ordered on March 31, 2003 have any impact on the award of post-judgement interest?

In that context, I must specifically reject JCW's contention that Judge Urbina and I have rejected any award of post-judgement interest.

As to Judge Urbina, JCW points to page 10 of the Judge's March 10, 2003 Memorandum Opinion which now appears at 251 F. Supp. 2d at 143. In that section of his opinion, Judge Urbina spoke only as to pre-judgement interest. That discussion cannot possibly be read as either an express or implied rejection of a demand for post-judgement interest.

As to myself, the portion cited by JCW in support of its contention that I have rejected Fresh-Kist's demand for post-judgment interest now appears at 362 F. Supp. 118 at ___.[4] In that portion of the opinion, I was strictly interpreting the award of interest that Judge Urbina had carefully defined, namely, interest on all funds received from WWP from June 4, 2001 to July 31, 2002, and thereby rejected Fresh Kist's claim that Judge Urbina's order in itself authorized

---

[4] Page citations for this volume are not yet available. The section of my opinion to which I am referring appears at page 22 of my March 3, 2005 Memorandum Opinion as it appears in the court's docket.

the award of post-judgment interest. My statement concerning the meaning of that order was not intended and should not be read to reject Fresh-Kist's claim for post-judgment interest that is based not on that order but upon a statute, 28 U.S.C. § 1961.[5]

It is therefore, hereby,

**ORDERED** that on or by June 5, 2005, JCW will submit certification by its counsel, supported by adequate documentation in the form of a bank statement or similar documents as to the amount of interest earned on the $59,189.40 amount in the period between September 30, 2002 and March 29, 2005.

It is further, hereby,

**ORDERED** that counsel for the parties will meet and confer to ascertain if they can agree as to the proper rate and amount of interest that the $59,189.40 would have earned had it been deposited in the Court Registry on September 30, 2002 and been withdrawn on March 29, 2005. If they can, they will file a stipulation memorializing their agreement. If they cannot, they will file a joint submission setting forth their opposing views. By engaging in this process, JCW does not waive its right to claim that the PACA creditors are not entitled to post-judgment interest under 28 U.S.C. § 1961 but if JCW takes that position, it must, by June 5, 2005, file a memorandum of law justifying its position. Fresh Kist may respond thereto by June 15, 2005.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
Date:                              UNITED STATES MAGISTRATE JUDGE

---

[5] All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.